FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 17 2003

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOUIE JOE CHAVEZ,

    Petitioner,

v.

    Civ. No. 02-419 MV/RLP

LAWRENCE TAFOYA, Warden, *et al.*,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.     This is a proceeding brought pursuant to 28 U.S.C. § 2254. After a jury trial on August 23, 2000, Petitioner was convicted of attempted second degree murder and shoplifting. *See* Amended Judgment and Sentence and Commitment, Exhibit A to Answer [Doc. 11]. Petitioner appealed his sentence, which was affirmed by the New Mexico Court of Appeals. Exhibit F. He filed a petition for writ of certiorari with the New Mexico Supreme Court ("NMSC"), which was granted and then later quashed. Exhibits G-K. Respondents concede this petition is timely filed and that Petitioner has exhausted his claims.

2.     The issues on direct appeal, as here, are whether (i) Petitioner was convicted on insufficient evidence; and (ii) Petitioner's sentence violates the Sixth and Fourteenth Amendments based on the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

3.      <u>Sufficiency of the evidence</u>. The constitutional standard for claims that a petitioner was convicted on insufficient evidence is set out in *Jackson v. Virginia*, 443 U.S. 307 (1979): "[W]hether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 318.

4.      Second degree murder is a second degree felony. NMSA (1978) §30-2-1(B). An attempt to commit a second degree felony carries the penalty of a third degree felony. NMSA (1978) § 30-28-1. The elements of attempted second degree murder are that the defendant attempted to kill the victim and that the defendant knew his acts created a strong probably of death or great bodily harm; that he intended to commit second degree murder and began to do an act which constituted a substantial part of the second degree murder, but he failed to commit second degree murder. N.M.U.J.I. 14-2801.

5.      The elements of shoplifting required the jury to find that a defendant took possession of three cases of beer worth less than $100 that were offered for sale to the public, and that at the time he took possession he intended to take it without paying for it. N.M.U.J.I. 14-1610. Under the accomplice theory, the jury could convict the defendant of the crime even if he did not himself take the beer, if the jury found that he intended the crime be committed, an attempt was made, and the defendant helped or encouraged the attempted crime. N.M.U.J.I. 14-2820.

6.      The facts of the case are set forth in the New Mexico Court of Appeals Notice of Proposed Summary Disposition:

2

> Herman Cordova testified that he was working as the manager of the Walgreens liquor department when he observed a woman leave the store with three thirty packs of beer without paying for them. Mr. Cordova followed the woman as she entered a car parked next to the store and attempted to retrieve the beer from her when Defendant came up behind him, punched him, pushed him and stabbed him. Mr. Cordova further testified that Defendant looked like he wanted to kill Mr. Cordova, and as the scuffle continued Defendant tried to stab Mr. Cordova again, but Mr. Cordova raised his arm and the knife blade hit his arm and broke.]

Exhibit D at 3.

7. The testimony at trial further indicated that Doreen Pacheco, who had accompanied Defendant and another woman to Walgreens, saw a man chasing Petitioner and Petitioner told her that he had "hit" and "stuck" Mr. Cordova. *Id.* at 4. A physician testified that Mr. Cordova had four stab wounds: one under his carotid artery, one near the collarbone, one in the mid-abdomen, and a defensive wound on his forearm. *Id.* This testimony easily meets the standard set forth in *Jackson* and therefore this claim is without merit.

8. Petitioner argues that his sentence violated the constitutional provisions as stated in *Apprendi, supra*: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 2363-63. The New Mexico Court of Appeals noted that this issue was foreclosed by its decision in *State v. Wilson* and the court declined to revisit the issue.

9. Petitioner was sentenced to three years' incarceration for the second degree attempted murder charge and six months for the misdemeanor shoplifting charge. His

sentence was enhanced by one year pursuant to the Habitual Offender Statute, and enhanced one more year due to aggravating circumstances found by the court. It is this latter sentence that is at issue.

10.   The sentencing statute provides that the "basic sentence" for a third degree felony is three years. NMSA 1978 § 31-18-15(A)(5). Section 31-18-15.1 requires the court to hold a sentencing hearing to determine if there are mitigating or aggravating circumstances which might alter the basic sentence. The criteria listed are only whether such factors are found "surrounding the offense or concerning the offender." § 31-18-15.1(A). The statute further provides that "in no case shall the alteration exceed one-third of the basic sentence . . . ." § 31-18-15.1(C).

11.   The New Mexico Court of Appeals has determined that §§ 31-18-15 & 31-18-15.1 are constitutional and therefore survive *Apprendi*. *See State v. Wilson*, 24 P.3d 351 (N.M. Ct. App. 2001). The New Mexico State Supreme Court has not decided the issue. The *Wilson* court found that because the § 31-18-15.1 "hearing is mandatory in every criminal sentencing proceeding, no facts other than the fact of the conviction are necessary to trigger the trial court's consideration of aggravating and mitigating circumstances." 24 P.3d at 356.

12.   The court also determined that the two statutory provisions are "to be read together to prescribe a range of permissible sentences." *Id.* Because there is no "prescribed statutory maximum" sentence, *per se*, to be enhanced, these provisions do not run afoul of *Apprendi*. 24 P.3d at 357. Finally, the court noted that § 31-18-15.1 does not define the elements of a crime and indeed follows the Court's statement in *Apprendi* that

4

it is permissible for judges to consider "various factors relating both to offense and offender." 24 P.3d at 358 (citing *Apprendi*, 530 U.S. at 481). Thus, because New Mexico's statutory provisions only provide a range of permissible sentences and do not require proof of a fact other than a prior conviction, the statutes comport with the Sixth and Fourteenth Amendment guarantees of a right to a jury and due process.

13. In Petitioner's case, the court listed the following aggravating factors to justify imposition of the one-year enhancement: Petitioner

1. has continued to be involved in criminal activity;
2. has numerous arrests for alcohol consumption;
3. has been in the court system every year;
4. continues to endanger the citizens of Albuquerque;
5. his criminal history shows a reckless disregard for his victims: in this case he stab[b]ed the victim four times;
6. inflicted life-threatening injuries.

Exhibit A to Answer.

14. Based on the foregoing, this court cannot find that the New Mexico Court of Appeals decision in Petitioner's case "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). Accordingly, this claim must also fail.

## RECOMMENDED DISPOSITION

I recommend that the petition for writ of habeas corpus be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

5